NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

Nos. 16-4300 & 17-1054

—————————

MID-ATLANTIC RESTAURANT GROUP LLC,
d/b/a Kelly's Taproom,
Petitioner in 16-4300

v.

NATIONAL LABOR RELATIONS BOARD,
Respondent

NATIONAL LABOR RELATIONS BOARD,
Petitioner in 17-1054

v.

MID ATLANTIC RESTAURANT GROUP LLC,
d/b/a Kellys Taproom,
Respondent

—————————

Petition for Review and Cross-Application
For Enforcement of an Order of
The National Labor Relations Board
(No. 04-CA-162385)

—————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2018

Before: AMBRO, RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: January 25, 2018)

———————————

OPINION[*]

———————————

AMBRO, <u>Circuit Judge</u>

Mid-Atlantic Restaurant Group, known as Kelly's, petitions us to review the order of the National Labor Relations Board that Kelly's engaged in unfair labor practices by discharging Robin Helms, a former bartender.[1]  The Board cross-appeals, asking us to enforce its order.

The Board had jurisdiction to issue its order under 29 U.S.C. § 160(c), and we have jurisdiction over petitions for review and petitions for enforcement under 29 U.S.C. § 160(e) and (f).  When reviewing the Board's order, we are bound to accept its factual findings "if they are supported by substantial evidence." *Stardyne, Inc. v. NLRB*, 41 F.3d 141, 151 (3d Cir. 1994).  We give its credibility determinations "great deference" and do not disturb them unless they are "inherently incredible or patently unreasonable." *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718-19 (3d Cir. 2001) (internal quotation marks omitted).  Although "our review is plenary over the Board's legal analysis," we afford "substantial deference" to its interpretation of the National Labor Relations Act.  *Citizens Publ'g & Printing Co. v. NLRB*, 263 F.3d 224, 232 (3d Cir. 2001) (internal quotation marks omitted).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Board adopted an administrative law judge's findings and recommended order.

2

We hold neither the Board nor the ALJ erred. Accordingly, we deny the petition for review and grant the Board's petition for enforcement. As an initial matter, the Board correctly determined that Helms engaged in protected, concerted activity by raising scheduling complaints with her colleagues and on-site managers. Contrary to Kelly's assertions that the complaints were self-serving, Helms's conversations were about senior bartenders' shift schedules. She told both her colleagues and on-site managers that she was concerned that senior bartenders would lose lucrative shifts to new employees. As such, her complaints were directed to "shared working conditions" and thus constituted protected, concerted activity. *MCPc Inc. v. NLRB*, 813 F.3d 475, 485 (3d Cir. 2016).

Moreover, substantial evidence supports the Board's finding that Helms was terminated for engaging in that type of activity: she was terminated shortly after making a series of complaints to an on-site manager; senior management told her at her termination meeting that they knew of her complaints; and senior management testified they wanted to fire staff for complaining about working conditions. Kelly's fails to satisfy its burden to demonstrate it discharged Helms "for reasons unrelated to [her] protected activity." *Id.* at 487. It never informed her that it discharged her for another legitimate reason, and it disciplined her inconsistently with other employees. *See Herman Bros., Inc. v. NLRB*, 658 F.2d 201, 210 (3d Cir. 1981) ("Inconsistency [in disciplinary procedures] . . . justifies the Board's inference that the . . . proffered excuse was not legitimate.").

Additionally, Kelly's fails to show that the ALJ erred in crediting Helms's testimony over that of its own witnesses. The ALJ credited her testimony because it was "detailed and consistent on both direct and cross-examination and . . . inherently

3

plausible." J.A. at 12a. In contrast, he made adverse credibility findings against Kelly's because senior management and an on-site manager offered different reasons for Helms's termination. Although the on-site manager testified Helms was terminated because of "a discriminatory act based on race," *id.* at 524a, he could not identify the particular act that led to her termination, and his demeanor "reflected substantial uncertainty," *id.* at 13a. Given these facts, the ALJ's credibility determinations were not "inherently incredible or patently unreasonable." *Atl. Limousine*, 243 F.3d at 718-19 (internal quotation marks omitted); *see also NLRB v. Loutin, Inc.*, 822 F.2d 412, 414 (3d Cir. 1987) ("Where credibility determinations are based at least partially on the ALJ's assessment of demeanor, they are entitled to great deference, as long as relevant factors are considered and the resolutions are explained.").

Further, the ALJ's denial of Kelly's motion for a bill of particulars was not an abuse of discretion because the Board's complaint was adequately pled. It stated Helms openly complained about shift schedules; her complaints constituted protected, concerted activity; and Kelly's discharged her on that basis. Thus the Board was not obligated to supplement its allegations in the complaint through a bill of particulars.[2] *See* 29 C.F.R. § 102.15 (stating a complaint must "contain . . . [a] clear and concise statement of the facts upon which the Board asserts jurisdiction").

---

[2] Nor is Kelly's entitled to discovery of any additional information regarding the actual scope of facts at issue in the complaint. *See Kenrich Petrochems., Inc. v. NLRB*, 893 F.2d 1468, 1484 (3d Cir. 1990) ("[N]either the [C]onstitution nor the Administrative Procedure Act confer[s] a right to discovery in federal administrative proceedings."), *vacated on other grounds*, 907 F.2d 400 (3d Cir. 1990) (en banc).

Finally, the ALJ did not abuse his discretion by considering evidence not specifically pled in the complaint, such as references to individuals not mentioned in the complaint and evidence beyond the complaint's timeframe, because his decision did not mention or find any unfair labor practice beyond the singular practice alleged in the complaint. *See Curtiss-Wright Corp. v. NLRB*, 347 F.2d 61, 73 (3d Cir. 1965) (noting the Board has "considerable leeway in amplifying or expanding certain details not specifically set forth in the complaint if they accord with the general substance of the complaint").

Thus we deny the petition for review and grant the Board's petition for enforcement.